[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15055

_____

D.C. Docket No. 2:18-cr-00149-LSC-CSC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OLANDO EARL HARRIS, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 1, 2020)

Before WILLIAM PRYOR, Chief Judge, GRANT, Circuit Judge, and JUNG,[*]
District Judge.

GRANT, Circuit Judge:

---

[*] Honorable William Jung, United States District Judge for the Middle District of Florida, sitting
by designation.

Olando Harris, Jr. appeals the procedural and substantive reasonableness of his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Because Harris's underlying offense conduct led to someone's death, the district court imposed a 92-month sentence—well above the Sentencing Guidelines range of 33–41 months—to reflect the seriousness of his actions. Harris argues that the district court did not adequately explain its deviation from the Guidelines.  Additionally, he says that in light of his exemplary post-offense behavior, his lengthy sentence was greater than necessary to comply with the sentencing purposes identified in 18 U.S.C. § 3553(a)(2).  We disagree.  Though the district court could have chosen to impose a sentence in keeping with the Guidelines, the court's imposition of a higher penalty was not outside its significant discretion.

## I.

Early one evening, for reasons unknown, Harris had a confrontation with Terius Gillum in the Smiley Court neighborhood of Montgomery, Alabama. Harris pulled out a .357 magnum revolver, which he had purchased on the street a few days before, and fired at Gillum's feet.  Gillum returned fire as he retreated in the direction of a gang called the CBM Young-ins.  Harris continued shooting while he ran in the opposite direction.

Predictably, the gunfight drew the attention of the nearby gang members, who were standing across the street from the Money Team gang.  The rival gangs began shooting and, in the ensuing gunfire, four people (including Harris) were

Case: 18-15055    Date Filed: 07/01/2020    Page: 3 of 6

injured and one, Rodriquez Lamar Smith, was killed. There is no reliable evidence that one of Harris's bullets killed Smith.

The United States charged Harris with violating 18 U.S.C. § 922(g)(1). Just a few weeks later, Harris signed a plea agreement. He and the government both agreed that the offense conduct was most analogous to the Guidelines offense of aggravated assault, resulting in a sentencing range of 33–41 months. The probation officer had a different view, and found that the appropriate cross-reference offense was not aggravated assault, but voluntary manslaughter. Based on the offense conduct, Harris's acceptance of responsibility, and his criminal history—which included adult convictions for recklessly evading arrest, theft, and burglary—the probation officer calculated that Harris's offense level was 26 and criminal-history category was IV. That equates to a Guidelines range of 92–115 months.

While indicating some disapproval of the agreement between Harris and the government, the sentencing court ultimately went along with it. Based on that agreement, the court calculated an offense level of 16 with a Guidelines range of 33–41 months. The government then asked for a sentence within the middle of the Guidelines range. Even so, expressing a belief that "the sentence is way under provided for by the [G]uidelines calculation," the court imposed a 92-month sentence, noting that the sentence imposed was still below the statutory maximum of 120 months. Harris now appeals.

3

II.

We review the reasonableness of sentencing decisions for abuse of discretion. *See United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc).

III.

A.

A sentence is procedurally unreasonable if the district court commits a significant procedural error, such as "failing to consider the § 3553(a) factors" or "failing to adequately explain the chosen sentence."[1] *Gall v. United States*, 552 U.S. 38, 51 (2007). If a court imposes an above-Guidelines sentence, it should "ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. Major departures will require more explanation than minor ones. *See id.* Still, a sentencing court is not required to "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009) (citation omitted). And in all cases, the appealing party bears the burden of showing that the district court's sentence is "unreasonable in light of the record and

---

[1] Section 3553(a) directs the court to consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence" to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established" for "the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines"; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense."

4

the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court adequately explained its chosen sentence. First, the court took into account Harris's "extensive record," which included multiple convictions for violent crimes. The court also emphasized that Harris started a violent confrontation that led to a death: "he was the one who pulled out the firearm." Finally, the court acknowledged that it had considered Harris's salutary post-offense conduct. No more was needed.

Given the court's adequate explanation, we have no need to probe further. The fact that Harris's 92-month sentence is at the bottom of the Guidelines range that the probation officer would have applied—under a sentencing scenario the court rejected—does not change this calculus. And neither the sentencing court's verbalized skepticism of the plea agreement, nor an above-Guidelines sentence, invite us to conclude that the court implicitly rejected the plea agreement that it explicitly accepted.

## B.

To find a district court's sentence substantively unreasonable, we must be "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (citation omitted). The defendant "bears the burden of demonstrating that his total sentence is unreasonable." *United States v. Covington*, 565 F.3d 1336, 1346–47 (11th Cir. 2009).

5

Harris argues that the court impermissibly relied on his criminal history and the seriousness of the offense conduct while "overlook[ing] numerous mitigating circumstances" that bear on the other § 3553(a) factors.  For instance, Harris says that the court should have considered his marriage, four children, long-term employment, and law-abiding conduct since the 2015 shooting.  The first problem with Harris's argument is that the district court specifically said that it considered the recent turnaround in Harris's behavior.  But even if we were giving his good post-indictment choices fresh consideration, it would not give us a "definite and firm conviction" that Harris's sentence was more than necessary to achieve the sentencing goals of § 3553(a).  The weight given to each factor is committed to the sentencing court's sound discretion.  *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).  We cannot see how it was an abuse of discretion to give great weight to Harris's criminal history and the seriousness of the offense conduct while giving relatively less weight to his post-offense conduct.

## IV.

We have no reason to question the evidence offered about Harris's new approach to life.  But we also have no reason to think that the district court failed to apply the § 3553(a) factors, failed to adequately explain its chosen sentence, or failed to choose a sentence inside the bounds of reasonableness.  That means Harris has not shown that his sentence is procedurally or substantively unreasonable, so we affirm the district court's judgment.

**AFFIRMED.**

6