[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10629
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00232-CEM-LRH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS BOLANOS RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 21, 2021)

Before NEWSOM, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jesus Bolanos Rodriguez appeals his statutory maximum sentence of 24 months' imprisonment imposed by the district court for his offense of being unlawfully present in the United States after having previously been removed, in violation of 8 U.S.C. § 1326(a). The district court varied upward from the guideline range of zero to six months, and Bolanos Rodriguez challenges the sentence as both procedurally and substantively unreasonable. After reading the parties' briefs and reviewing the record, we affirm Bolanos Rodriguez's sentence.

**I.**

In November 2019, the government charged Bolanos Rodriguez with being an alien unlawfully present in the United States after having previously been removed, in violation of 8 U.S.C. § 1326(a). Pursuant to a written plea agreement, Bolanos Rodriguez agreed to plead guilty as charged, and the government agreed to recommend a two-level reduction to his offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), and to recommend a further one-level reduction if his offense level was 16 or greater and he otherwise met the requirements of that provision. As part of his guilty plea, Bolanos Rodriguez admitted that, on September 22, 2019, he was arrested on state charges of leaving the scene of a car crash with a death, leaving the scene of a car crash with injuries, and failing to possess a valid driver's license. Bolanos Rodriguez also

2

acknowledged that state charges were pending at the time that he entered the plea agreement.

The presentence investigation report ("PSI") calculated Bolanos Rodriguez's total offense level at six and his criminal history score at one, which placed him in a criminal history category of I. Paragraph 28 of the PSI included an entry for the state arrest, which was accompanied by a factual narrative drawn from the arrest report. The PSI calculated an imprisonment range to be zero to six months, and it noted that a sentence of imprisonment was not required. It further noted that Bolanos Rodriguez was subject to a maximum of two years' imprisonment, pursuant to 8 U.S.C. § 1326(a). The probation officer submitted a sentencing recommendation to the district court recommending that Bolanos Rodriguez be sentenced to a term of time served.

At sentencing, Bolanos Rodriguez objected to the paragraph 28 narrative because those facts had not been adjudicated. The government responded that the narrative should remain because the charging instrument had been filed in state court as to those charges although it indicated that it did not intend to introduce into evidence the police report upon which the narrative was based. The district court responded that it did not "have anything other than [Bolanos Rodriguez's] agreeing that he was arrested" on the pending charges, and that he could not rely on those facts. (R. Doc. 49 at 6). The district court stated that it would not rely on

3

the factual narrative in paragraph 28 of the PSI because the government had not introduced any evidence to support it, but rather, that it would rely on the factual basis in the plea agreement. The district court adopted the PSI in its entirety, except for the objected-to factual narrative in paragraph 28 and stated that the guideline imprisonment range was zero to six months.

In his allocution, Bolanos Rodriguez expressed remorse for unlawfully entering the United States and stated that he had done so out of necessity so he could provide for his family in Mexico. He requested a sentence of time served because he immediately pled guilty to the charged offense, he had three young children who depended on him for support, and he had traveled to the United States for economic opportunity. The government argued that a sentence of six months' imprisonment would be appropriate considering his arrest with probable cause for the charges that were reported in paragraph 28 of the PSI, even without considering the accompanying factual narrative.

The district court sentenced Bolanos Rodriguez to 24 months' imprisonment. Stating that it was "difficult" not to consider the factual narrative in paragraph 28 of the PSI, the district court noted that it would rely only on the contents of the plea agreement. (R. *Id.* at 11–12). After reiterating some of the facts in paragraph 28, the district court stated that "because the [g]overnment presented no evidence of this, it's not on the table." (R. *Id*. at 12.) The district

4

court acknowledged that the parties had made arguments and stated that it reviewed the PSI as well as the advisory guidelines.  It then stated that it was relying on the factual basis from the plea agreement regarding the pending state charges, which provided that Bolanos Rodriguez had been arrested on September 22, 2019, for leaving the scene of a crash with a death, leaving the scene of a crash with injuries, and failing to possess a valid driver's license.  It stated that, according to the government, the state had filed charges on the first two of those offenses.  The district court stated that it was relying "solely" on the factual basis in the plea agreement and had considered the factors under 18 U.S.C. § 3553(a).  Bolanos Rodriguez objected to the substantive reasonableness of his sentence.  (R. *Id*. at 14).

In its Statement of Reasons, the district court indicated that it had varied upward from Bolanos Rodriguez's guideline range to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence.  Further, it stated that although it had not considered the factual narrative in paragraph 28 of the PSI, it did rely on the factual basis in the plea agreement as to the pending state charges and had determined that a sentence at the statutory maximum was appropriate considering the 18 U.S.C. § 3553(a) factors.  (R. Doc. 35).

## II.

On appeal, Bolanos Rodriguez argues that his sentence is procedurally unreasonable because the district court failed to explain adequately his sentence and its reasons for imposing an upward variance. He also argues that his sentence is substantively unreasonable because the district court ignored his mitigating evidence and the other evidence in the record while relying solely on the objected-to factual narrative, which was an impermissible factor because the government failed to introduce any evidence to support that narrative and the district court ruled that it would not consider it. Further, he contends that his sentence created unwarranted sentencing disparities, and he requests that his case be reassigned to a different district court judge on remand.

In determining whether a sentence is reasonable, we apply an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). However, we review unobjected-to procedural sentencing issues for plain error only. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). To show plain error, a party must show that there was (1) an error, (2) that was plain, and (3) the error affected his substantial rights. *Id.* We may then review the otherwise waived error if it "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation mark omitted and alteration in original). An error cannot be "plain" if there is no precedent that

6

directly resolves the underlying issue. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

We have stated that we will review *de novo* an argument that a district court failed to comply with 18 U.S.C. § 3553(c) by not explaining the reasons for a sentence, even where the defendant did not contemporaneously object at sentencing. *United States v. Parks*, 823 F.3d 990, 995-96 (11th Cir. 2016) (applying *de novo* review in the context of § 3553(c)(2)); *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006) (applying *de novo* review in the context of § 3553(c)(1)). The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

In reviewing the reasonableness of a sentence, we first consider whether the district court committed any significant procedural error. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. We ensure that the district court treated the Sentencing Guidelines as advisory, considered the 18 U.S.C. § 3553(a) sentencing factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Id.* The district court must make an "individualized assessment" based on the facts before it. *Id.* at 50, 128 S. Ct. at 597.

When a district court imposes a sentence outside of the applicable guideline range, it must state "the specific reason for the imposition of [the] sentence." 18 U.S.C. § 3553(c)(2). A § 3553(c)(2) error is *per se* reversible. *Parks*, 823 F.3d at 997. To comply with § 3553(c) "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). A district court's explanation of a sentence may be brief and may derive substance from the context of the record, the defendant's history and characteristics, and the parties' arguments. *Id.* at 356-58, 127 S. Ct. at 2468–69.

However, if the district court imposes a sentence that is above the guideline range, "it should ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Harris*, 964 F.3d 986, 988 (11th Cir. 2020) (quotation marks omitted). Major variances require more of an explanation that minor variances. *Id.* Even so, "a sentencing court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *Id.* (quotation marks omitted). An acknowledgement by the district court that it has considered the § 3553(a) factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

Here, based on a review of the record, we conclude that the district court did not impose a procedurally unreasonable sentence. Even though Bolanos Rodriguez did not object in the district court to the procedural reasonableness of his sentence, we review *de novo* because Bolanos Rodriguez was sentenced above his guideline range and at the statutory maximum. *See Parks*, 823 F.3d at 995–96. There was no procedural error because the district court's explanation was adequate. The record shows that the district court entertained the parties' arguments, stated that it considered the PSI and the 18 U.S.C. § 3553(a) factors, and discussed the pending state charges in explaining its decision to vary upward to the statutory maximum. Further, the fact that the district court sustained Bolanos Rodriguez's objection to the factual narrative contained in paragraph 28 of the PSI demonstrates that it considered some of his arguments before imposing his sentence. Bolanos Rodriguez cannot satisfy his burden of showing that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. Accordingly, we affirm the procedural reasonableness of Bolanos Rodriguez's sentence.

## III.

After determining whether a sentence is procedurally reasonable, we next consider the substantive reasonableness of a sentence, taking into account the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. On substantive reasonableness review, we may vacate the sentence only if we are "left

9

with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation marks omitted). For sentencing purposes, the district court may base its findings of fact on, among other things, facts admitted by the defendant through his guilty plea, undisputed statements in the PSI, and evidence presented at sentencing. *United States v. Evans*, 958 F.3d 1102, 1109 (11th Cir. 2020). We review for plain error only a sentencing argument that a defendant raises for the first time on appeal. *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).

When a defendant challenges one of the factual bases of his sentence, the government has the burden of establishing the disputed fact by a preponderance of the evidence. *United States v. Rodriguez*, 732 F.3d 1299, 1305 (11th Cir. 2013). The district court must ensure that the government satisfies this burden by producing "reliable and specific evidence." *Id.* (quotation mark omitted). The district court may not rely on disputed facts at sentencing that the government has not established by a preponderance of the evidence. *United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013). District courts are not permitted to "speculate concerning the existence of a fact which would permit a more severe sentence under the guidelines." *Rodriguez*, 732 F.3d at 1305 (quotation marks omitted).

10

The district court must impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), which include reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public from the defendant's further crimes, and providing the defendant with appropriate correctional treatment. 18 U.S.C. § 3553(a)(2). The district court must also take into consideration the "nature and circumstances" of the offense and the "history and characteristics" of the defendant. *Id.* § 3553(a)(1). In addition, the statute directs the district court to consider the types of sentences available, the applicable guideline range, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to victims. *Id.* § 3553(a)(3)-(7). A defendant's criminal history "fits squarely" into the § 3553(a) category that requires the district court to consider the history and characteristics of the defendant. *United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008). "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C.A. § 3661.

The need to avoid unwarranted sentencing disparities under § 3553(a)(6) assumes that the defendant is being compared to similarly situated defendants. *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014) (rejecting a defendant's sentencing disparities argument because the case that he relied upon was unpublished, involved different offense conduct, and involved a longer sentence relative to the defendant's guideline range). In addition, we have rejected the proposition that a district court must, before imposing an upward variance, determine who the "average" offender is for a particular offense and then compare that hypothetical offender to the defendant. *Rosales-Bruno*, 789 F.3d at 1263-65.

The district court may "determine, on a case-by-case basis, the weight to give the Guidelines, so long as that determination is made with reference to the remaining section 3553(a) factors that the court must also consider in calculating the defendant's sentence." *Irey*, 612 F.3d at 1217 (quotation marks omitted). The weight accorded to any one § 3553(a) factor is a matter "committed to the sound discretion of the district court," and it may attach "great weight" to one factor over others. *Rosales-Bruno*, 789 F.3d at 1254 (quotation marks omitted). However, a district court's unjustified reliance on a single § 3553(a) factor may be a "symptom" of unreasonableness. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

12

A variance may be warranted where a case is outside of the "heartland" of cases contemplated by the guideline range, meaning that there is something "unusual" about the defendant or his circumstances that warrants a different sentence. *Irey*, 612 F.3d at 1182. A variance "may attract greatest respect" where the district court determines that a case falls outside the heartland, whereas "closer review may be in order" where the variance is based solely on the district court's determination that the guideline range "fails properly to reflect" the § 3553(a) factors. *Kimbrough v. United States*, 552 U.S. 85, 109, 128 S. Ct. 558, 574–75 (2007) (quotation marks omitted). While we do not presume that a sentence outside of the guideline range is unreasonable, we may take the extent of any variance into consideration. *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010).

We conclude, based on a review of the record, that the district court imposed a substantively reasonable sentence. The district court was permitted to rely on the fact of Bolanos Rodriguez's arrest and the pending state charges based on the factual basis of his plea agreement. Further, the record indicates that the district court stated numerous times that it could not rely on the factual narrative in the PSI because the government did not present evidence to support it. The district court also determined that the 24-month statutory maximum would have been an insufficient sentence if it could have relied on the factual narrative. The district

13

court clearly indicated that it was troubled by the information contained in the disputed narrative, but it also repeatedly stated that it would not rely on the disputed narrative. In essence, Bolanos Rodriguez is requesting that this court second-guess the district court's judgment and re-weigh the 18 U.S.C. § 3553(a) factors. We do not substitute our judgment for that of the district court nor do we re-weigh the § 3553(a) factors. *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).

Furthermore, we conclude there is no merit to Bolanos Rodriguez's argument regarding the unwarranted sentencing disparities, which he raises for the first time on appeal and we review for plain error. *See Aguillard*, 217 F.3d at 1320. Contrary to Bolanos Rodriguez's assertion, the record indicates that the district court acknowledged its obligation to avoid unwarranted sentence disparities among similarly situated defendants. Lastly, because we affirm his sentence, Bolanos Rodriguez's request to reassign his case to a different district court judge on remand is moot.

Accordingly, for the aforementioned reasons, we affirm the district court's imposition of a 24-month sentence for Bolanos Rodriguez's offense of 8 U.S.C. § 1326(a), being unlawfully present in the United States following removal.

**AFFIRMED.**

14