[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13329

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIAM CARSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:19-cr-00118-JB-B-1

_____

Before WILSON, LUCK, and HULL, Circuit Judges.

HULL, Circuit Judge:

William Carson, Jr., appeals his 24-month sentence, which was imposed upon the revocation of his supervised release. Carson undisputedly violated the terms of his supervised release when he drove a car while under the influence of alcohol and struck two pedestrians, one of whom died. After revoking Carson's supervised release, the district court imposed an above-guidelines sentence of 24 months' imprisonment.

On appeal, Carson argues that the district court violated 18 U.S.C. § 3553(c)(2) by failing to explain, both orally at sentencing and in a written statement of reasons, the specific justifications for his above-guidelines sentence. Because Carson did not object to his sentence on this § 3553(c)(2) ground, we review for only plain error. *See United States v. Steiger*, 99 F.4th 1316, 1322 (11th Cir. 2024) (en banc). After review, we affirm Carson's sentence.

## I.    FIRST REVOCATION

In 2019, Carson pled guilty to one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). The district court sentenced Carson to serve 12 months and 1 day in prison, followed by 10 years of supervised release.

In 2022, the district court revoked for the first time Carson's supervised release after he admitted to, *inter alia,* using

cocaine in violation of his supervised release terms. The district court sentenced Carson to 3 months' imprisonment, followed by 80 months of supervised release. Among other conditions of his supervised release, Carson was prohibited from committing a new federal, state, or local crime.

## II.    SECOND REVOCATION

In 2023, the district court revoked Carson's supervised release for the second time. According to a petition filed by Carson's probation officer, Carson drove with a blood alcohol content above the legal limit, resulting in two accidents on July 15, 2023. Carson initially struck a car parked on the side of the road and a pedestrian standing next to the car, who suffered "serious physical injuries." Carson then continued driving and struck a second pedestrian, who suffered fatal injuries. Carson fled the scene of both accidents.

The probation officer's petition stated Carson's conduct violated the conditions of his supervised release because, among other things, he committed four Alabama crimes: (1) criminally negligent homicide, Ala. Code § 13A-6-4; (2) driving under the influence of alcohol, Ala. Code § 32-5A-191; (3) third degree assault, Ala. Code § 13A-6-22; and (4) leaving the scene of an accident, Ala. Code § 32-10-1(a).

The probation officer's petition further noted Carson's conduct constituted a Grade B violation, which, together with his criminal history category of I, yielded an advisory guidelines range of 4 to 10 months' imprisonment. *See* U.S.S.G.

§§ 7B1.1(a)(2), 7B1.4.    However, the probation officer recommended the statutory maximum sentence of 24 months' imprisonment.  *See* 18 U.S.C. §§ 3583(e)(3), 3559(a)(3), 2250(a).

At his revocation hearing, Carson stipulated to the facts as set forth in the probation officer's petition, but he did "not stipulat[e] to the conclusions" in the petition due to the potential for future state criminal charges.  Based on the petition, the district court found by a preponderance of evidence that Carson violated the conditions of his supervised release by committing new criminal offenses.

The government argued Carson should receive the statutory maximum 24-month prison sentence for his conduct. Carson responded, acknowledging the "serious allegations in the petition" but requesting a custodial sentence within the 4-to-10-month advisory guidelines range.

The district court sentenced Carson to the statutory maximum sentence of 24 months' imprisonment, followed by 36 months of supervised release.  The district court noted that it was not punishing Carson for violating Alabama's criminal laws, but instead for violating his supervised release conditions, which prohibited him from committing new state crimes.  The district court emphasized that Carson's conduct was "obviously very serious" because "[a] person lost their life as a result of this incident because [Carson was] intoxicated."  The district court also highlighted that Carson's conduct was a "serious violation of the terms and conditions of [his] supervised release, which are,

among other things, intended to protect the public." Finally, the district court stated it considered the Chapter 7 guidelines provisions and found they were "not appropriate in this case."[1]

After imposing a 24-month sentence, the district court asked Carson if he had any objections. Carson responded, "None other than as stated." The district court did not file a written statement of reasons explaining its justifications for Carson's above-guidelines sentence.

## III.    STANDARD OF REVIEW

On appeal, Carson argues the district court procedurally erred because it violated 18 U.S.C. § 3553(c)(2) by failing to provide in open court, and in a separately filed statement of reasons, the specific justifications for his above-guidelines sentence. Other than this § 3553(c)(2) challenge, Carson raises no other issue regarding the lawfulness of his sentence.

Carson did not object on this § 3553(c)(2) ground in the district court, and we review unobjected-to § 3553(c)(2) errors only for plain error. *See Steiger*, 99 F.4th at 1322-24 (overruling prior caselaw adopting a per se rule of reversal for § 3553(c)(2) errors and concluding plain error applies to unobjected-to § 3553(c)(2) issues). To prevail on plain error review, Carson must show: (1) an error occurred; (2) the error was plain; and (3) the

---

[1] When a district court considers revoking a term of supervised release, it must consider, among other things, the policy statements in Chapter 7 of the Sentencing Guidelines, which include non-binding ranges of imprisonment. *See United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006).

error affected his substantial rights. *See id.* at 1324. If Carson makes this showing, we have discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

## IV.  DISCUSSION

Under 18 U.S.C. § 3553(c)(2), "[i]f the district court imposes a sentence outside the guidelines range, then the district court must state orally during the sentencing hearing 'the specific reason for the imposition of a sentence different from' the guidelines range." *Id.* at 1321 (quoting 18 U.S.C. § 3553(c)(2)). The district court must also state those reasons "with specificity in a statement of reasons form." 18 U.S.C. § 3553(c)(2). The purpose of requiring the district court to explain adequately its chosen sentence is "to allow for meaningful appellate review." *Steiger*, 99 F.4th at 1321 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).

"A sentence is procedurally unreasonable if the district court fails to adequately explain the sentence, including any variance from the guidelines range." *United States v. Oudomsine*, 57 F.4th 1262, 1265 (11th Cir. 2023) (discussing 18 U.S.C. § 3553(c)(2)). A defendant appealing his sentence "bears the burden of showing that the district court's sentence is unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors." *United States v. Harris*, 964 F.3d 986, 988 (11th Cir. 2020) (quotation marks omitted).

## A.    *United States v. Steiger*

This Court's recent en banc decision in *Steiger* controls here, so we review it in detail.

While on federal probation, defendant Steiger murdered the mother of his infant child, hid her body, and lied about it to law enforcement. *Steiger*, 99 F.4th at 1320. Although Steiger's advisory guidelines range was 12 to 18 months' imprisonment, the district court varied upward and sentenced Steiger to 20 years' imprisonment. *Id.* In doing so, the district court explained it had "carefully considered all the evidence presented," Steiger's allocution, "all of the factors set out in 18 U.S.C. § 3553(a), as well as the applicable guidelines and policy statements," and the relevant judicial precedents. *Id.* (quotation marks omitted and alterations adopted). Yet "[t]he district court never explicitly said that it was imposing a twenty-year sentence because Steiger committed a violent crime in a heinous manner," and it failed to file a written statement of reasons for Steiger's above-guidelines sentence. *Id.* at 1320-21, 1325. Nonetheless, Steiger did not object to his sentence on this § 3553(c)(2) ground in the district court. *See id.* at 1319.

The en banc Court reviewed Steiger's unobjected-to § 3553(c)(2) challenge for plain error and held that he failed to establish the third element—that the district court's error affected his substantial rights. *Id.* at 1322, 1325-27. The Court explained that "a Section 3553(c) error does not affect a defendant's substantial rights if the record is clear enough to allow meaningful

appellate review of the sentence." *Id.* at 1325. Accordingly, "a Section 3553(c) error warrants reversal under plain error review only when the district court's reasoning is unclear on the face of the record." *Id.*

The Court also noted in Steiger's case that "[a] reasonable person familiar with the sentencing record would understand that Steiger received an above-guidelines sentence because, while he was out on probation, he brutally murdered the mother of his infant daughter, hid her body, and then lied to law enforcement about it." *Id.* at 1326. The Court emphasized that nearly all the discussion at Steiger's sentencing hearing focused on his second-degree murder conviction and the conduct underlying that conviction. *Id.* at 1326-27. Therefore, we concluded, the district court's reasoning was clear on the face of the record, meaning Steiger could not establish plain error. *Id.* at 1327.

**B.    Analysis**

Returning to Carson's case, we note the first two elements of plain error review are established here. We recognize that the district court did state that Carson's conduct was "obviously very serious," that he violated an intended purpose of his supervised release—the protection of the public—and that the Chapter 7 guidelines provisions were not appropriate. However, just as in *Steiger*, the district court never explicitly stated—orally at sentencing or in a written statement of reasons—that it was varying upward from the advisory guidelines range because of Carson's conduct of driving while under the influence of alcohol

and hitting two pedestrians, one of whom died.  *See* 18 U.S.C. § 3553(c)(2).  The district court's obligation to do just that is clear from the explicit language of § 3553(c)(2).  *See id.*; *Steiger*, 99 F.4th at 1325.

Critically, however, Carson cannot establish the third element of plain error review because the district court's error did not affect his substantial rights.  On the face of this record, the district court's reasoning for Carson's above-guidelines sentence is clear.  *See Steiger*, 99 F.4th at 1327.  The district court stated the following at sentencing: (1) Carson was being punished for his supervised release violations, which were his commission of several Alabama crimes, including criminally negligent homicide and driving under the influence of alcohol; (2) Carson's violations were "very serious" in that they resulted in the death of a pedestrian; and (3) Carson's violations flouted one of the intended purposes of his supervised release—protecting the public.

Indeed, most of the discussion at Carson's sentencing hearing centered on his alcohol consumption, which resulted in the death of a pedestrian and the violation of several Alabama laws.  It is clear from the face of the record that the district court varied upward from the advisory guidelines range based on Carson's serious misconduct, even though it did not explicitly say so at sentencing or in a written statement of reasons.

Carson thus cannot establish plain error, and "[a] remand in this circumstance would be a wasteful formality for the district

court to state on the record what everyone already knows." *See id.*

## V.    CONCLUSION

For the reasons above, we affirm Carson's 24-month sentence.

**AFFIRMED.**