[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11599

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL ANTHONY SHEPPARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:22-cr-00029-AW-MAL-2

_____

Before LUCK, KIDD, and TJOFLAT, Circuit Judges.

PER CURIAM:

Michael Sheppard appeals his 96-month sentence for two drug-related convictions. He raises three challenges: (1) the District Court violated his Fifth Amendment rights by considering his refusal to provide substantial assistance or qualify for safety-valve relief; (2) the District Court procedurally erred in calculating the Guidelines sentence and explaining its § 3553(a) variance; and (3) his sentence was substantively unreasonable. We affirm.

## I.    Background

In 2021, the Drug Enforcement Administration began surveilling Sheppard and other conspirators after receiving information that they were using third party individuals to purchase large quantities of oxycodone pills prescribed by the Gainesville Pain Center. The agents surveilling Sheppard intercepted many communications that involved drug transactions. Agents conducted a search warrant on Sheppard's property and storage unit in 2022, where they located multiple oxycodone pill bottles, 3,872 grams of cocaine, 150 grams of cocaine base, 6,990 grams of marijuana, and other valuables.

In January 2023, Sheppard was charged with (1) conspiring to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846; and (2) possessing with the intent to distribute 500 grams or more of a

mixture containing cocaine, 28 grams or more of a mixture containing cocaine base, oxycodone, and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii), (b)(1)(B)(iii), (b)(1)(C), and (b)(1)(D). He pleaded guilty to both offenses.

At sentencing, Sheppard requested the mandatory minimum sentence of five years (or sixty months) imprisonment, whereas the Government sought a sentence at the top end of the Sentencing Guidelines range of seventy to eighty-seven months. The District Court sentenced Sheppard to ninety-six months of imprisonment for each offense to run concurrently. It explained that despite some mitigating factors, the large volume of drugs and scope of the operation justified the modest variance above the Guidelines range. Sheppard raised no objections at the hearing, but he now appeals.

## II.    Discussion

Sheppard advances three challenges to his sentence: (1) the District Court violated his Fifth Amendment rights by considering his refusal to provide substantial assistance or qualify for safety-valve relief; (2) the District Court procedurally erred in calculating the Guidelines sentence and explaining its § 3553(a) variance; and (3) his sentence is substantively unreasonable.

Because Sheppard did not object at sentencing to the alleged Fifth Amendment violation or to any procedural errors, we review those for plain error. *See United States v. Steiger*, 107 F.4th 1315, 1320 (11th Cir. 2024). Under plain-error review, Sheppard must show (1)

an error, (2) that is plain, and (3) that affected his substantial rights. *See id.* If these three conditions are met, he must also show that "the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* By contrast, because Sheppard advocated for a lower sentence than the one imposed, his challenge to the substantive reasonableness of his sentence is preserved and we review it for abuse of discretion. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 174–75, 140 S. Ct. 762, 766 (2020).

## A.  Fifth Amendment Challenge

Sheppard first contends that the District Court violated his Fifth Amendment right against self-incrimination by "drawing an adverse inference from his refusal to seek reductions of [his] sentence."

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. It forbids a court from drawing an adverse inference from a defendant's silence. *Griffin v. California*, 380 U.S. 609, 615, 85 S. Ct. 1229, 1233 (1965). But a court can consider a defendant's failure to cooperate when assessing eligibility for statutory relief. *United States v. Malekzadeh*, 855 F.2d 1492, 1498 (11th Cir. 1988). One such relief mechanism is the safety valve provision under 18 U.S.C. § 3553(f)(5), under which a defendant must

truthfully disclose all the information and evidence he has regarding his offense to qualify for statutory leniency.[1]

At the outset, we note that we do not understand Sheppard to be challenging § 3553(f)(5) itself. Our Court has not yet addressed in a published opinion whether the safety-valve provision violates the Fifth Amendment. And we need not do so here.[2] Sheppard does not claim that § 3553(f)(5) unconstitutionally conditions leniency on a defendant's willingness to speak. He argues instead that the District Court impermissibly inferred something from his silence. That is a different argument, and an unpersuasive one.

Sheppard cites the Presentence Investigation Report's (PSI) statement that "[t]he defendant would have likely qualified for safety-valve relief would it not have been for his failure to provide full and truthful information to the government." And he

---

[1] Another is 18 U.S.C. § 3553(e), which allows a court to impose a below-minimum sentence "to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."

[2] Though we express our doubts that the safety-valve provision is unconstitutional. Our sister circuits have rejected that argument, reasoning that § 3553(f)(5) does not penalize silence but merely withholds leniency from those who fail to earn it. *See, e.g., United States v. Cruz*, 156 F.3d 366, 374 (2d Cir. 1998); *United States v. Warren*, 338 F.3d 258, 266–67 (3d Cir. 2003); *United States v. Washman*, 128 F.3d 1305, 1307 (9th Cir. 1997); *United States v. Arrington*, 73 F.3d 144, 149–50 (7th Cir. 1996). We see no reason to doubt their reasoning. *Cf. United States v. Carroll*, 6 F.3d 735, 740 (11th Cir. 1993) (explaining that the Guidelines' acceptance-of-responsibility provision "is not a punishment; rather, the reduction for acceptance of responsibility is a reward for those defendants who express genuine remorse for their criminal conduct").

highlights the Government's remark at sentencing that "[t]he defendant did not step forward and say here's everything I know about my aspect of the [criminal] operation." But Sheppard concedes that the District Court never addressed his silence. His theory is that the Court had an obligation to explicitly disavow the PSI and Government's reasoning—and that by saying nothing, the Court tacitly punished him for silence. That argument does not follow.

Nothing in the record suggests that the District Court drew any inference at all, let alone an adverse one. At most, the Court recognized that Sheppard failed to meet § 3553's conditions for a reduced sentence. Said differently, the District Court did not draw an adverse inference against him for his silence; it simply declined to grant leniency to a defendant who failed to qualify for a safety-valve statute under the statutory text. The District Court did not err, much less plainly err.

## B.  Procedural Reasonableness

Sheppard next argues that the District Court committed procedural error in three ways: (1) failing to adequately explain its deviation from the Guidelines range, (2) misapplying U.S.S.G. §§ 4C1.1 and 2D1.1, and (3) relying on facts unsupported by evidence.

### 1.  Explanation of Variance

First, Sheppard argues that the District Court failed to sufficiently justify its variance from the Guidelines range. He contends that the District Court never "elucidate[d] which of the applicable

24-11599                Opinion of the Court                7

guidelines do not accomplish the purposes of sentencing and why a deviation is justified." We disagree. As we and the Supreme Court have consistently held, a District Court

> must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

*Gall v. United States*, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007). Similarly, we have emphasized that a sentencing court "is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Harris*, 964 F.3d 986, 988 (11th Cir. 2020) (internal quotation marks omitted). In the end, we require the sentencing court to put forth enough to satisfy our Court that it considered the parties' arguments and "has a reasoned basis for exercising his own legal decision-making authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2458 (2007).

The District Court's explanation here meets this standard. It explained that it considered the nature and scope of the offense and looked at other sentences that people get for the same conduct. The Court said that Sheppard's offense was not "a couple of transactions, [it was] a multi-faceted, significant operation over a long period of time with lots of different types of drugs and really pretty tremendous volume involved, and a lot that's not picked up in the guidelines." Unlike people who "ease into this business," the Court

remarked that Sheppard was "running an extensive drug operation." And again, the Court explained that it did not believe "the guidelines fully accounted for" the size of the operation and the different type of drugs involved.

In other words, the District Court did exactly what it was supposed to do: it considered the § 3553(a) factors, weighed the nature and scope of Sheppard's offense, and explained why the Guidelines did not fully capture the gravity of his conduct. That is all the law requires. We find no error.

### 2. Misapplication of the Guidelines

Next, Sheppard challenges the application of the zero-point-offender reduction under § 4C1.1 of the Guidelines, arguing that the Government and the District Court misinterpreted the provision. They did not. That Guideline states that if a defendant meets all of the criteria listed in U.S.S.G. § 4C1.1(a)(1)–(11), which include a defendant having no criminal history points, then the District Court should decrease the defendant's offense level by two levels.

At sentencing, the Government pointed to Sheppard's 2008 indictment for conspiracy to distribute marijuana. Though the charge was later dismissed, the Government noted that Sheppard was not the kind of first-time offender the reduction was meant to benefit. Still, the Government did "not object to the two-level decrease under 4C1.1," acknowledging that it was "legally appropriate here." The gist was that, according to the Government, Sheppard was "a zero-point offender, but he [was] not a first-time offender."

The District Court acknowledged this argument. Importantly, the Court agreed that Sheppard met the criteria under § 4C1.1 and applied the reduction. To be sure, Sheppard's counsel clarified that "[a]s far as the previous indictment that was dismissed, I don't think the court is doing this, we would just ask Your Honor to not necessarily hold that against Mr. Sheppard based on the absence of information." The District Court then clarified that it took the Government's point to be that Sheppard "understood the consequences of [the offense] by virtue of going through [the indictment,] even if he was completely innocent." The Court emphasized that "certainly [Sheppard will not] be sentenced more harshly because of that situation where charges were dismissed than if he just hadn't had that."

Now, Sheppard contends that the District Court misunderstood the Guideline. That argument is a nonstarter—Sheppard received the reduction. Sheppard's real complaint is not about the application of § 4C1.1, but about how the Court justified its sentence. Specifically, Sheppard objects to the Court's observation that Sheppard's sentence fell "within the mid-range of what the guidelines would be without the two-level 4C reduction." But that is not a Guidelines error—it is an observation about the length of Sheppard's ultimate sentence. And as we explained above, we find no error in the District Court's justifications for imposing its variance and final sentence.

To the extent that Sheppard also challenges the Guidelines' treatment of crack cocaine and oxycodone as yielding a sentence

"harsher than reasonably necessary," that is a substantive reasonableness argument—not a procedural one. Procedural reasonableness concerns whether the Guidelines were applied correctly, not whether they should be different. *See Kimbrough v. United States*, 552 U.S. 85, 107–08, 128 S. Ct. 558, 573–74 (2007) (recognizing that sentencing courts may vary from harsh Guidelines policies but are not required to do so). As for substantive reasonableness, we explain below that Sheppard's sentence is substantively reasonable.

### 3.  Unsupported Facts

Next, Sheppard claims the District Court procedurally erred by relying on facts unsupported by the record. We disagree.

A district court's factual finding is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007) (internal quotation marks omitted).

Sheppard takes issue with the District Court's statements that he was involved in the conspiracy "over a long period of time" and that the Court considered the many people involved in his offense when sentencing him. But Sheppard's PSI described the offense conduct as involving "third party individuals to purchase large quantities of Oxycodone pills" and noted that "the DEA identifies a number of historical and controlled purchased of controlled cocaine and power [sic] cocaine by CS1 from SHEPPARD." That is more than enough to support the Court's characterizations. *United States v. O'Brien*, 560 U.S. 218, 224, 130 S. Ct. 2169, 2174 (2010)

("Sentencing factors . . . can be proved to a judge at sentencing by a preponderance of the evidence.")

To the extent that Sheppard also argues that his PSI contained an inaccurate weight of the drugs, we find no reversible error. As we noted earlier, Sheppard did not object to the weight at sentencing. And even if Sheppard were correct that the weight of drugs was misstated, the "correct" weight according to him would not change his base offense level. Any error would therefore be harmless.

### C.  Substantive Reasonableness

Sheppard finally argues that his sentence is substantively unreasonable. He says the District Court relied on improper factors, ignored relevant ones, and improperly weighed the § 3553(a) factors. We disagree.

A sentence is substantively unreasonable if the District Court (1) fails to consider relevant factors due significant weight, (2) gives undue weight to improper or irrelevant factors, or (3) makes a clear error of judgment in balancing the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). But sentencing courts have broad discretion in weighing the § 3553(a) factors, and we do not substitute our own judgment for theirs. *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272 (11th Cir. 2014). They need not mention every factor or every piece of mitigation evidence—so long as the record shows they considered that evidence. *United States v. Taylor*, 997 F.3d 1348, 1354–55 (11th Cir. 2021).

Sheppard merely repackages his procedural arguments here. He insists that the District Court drew an adverse inference from his silence, misapplied the Guidelines, and relied on unsupported facts. But as we have explained, none of that is true. The Court did not penalize Sheppard for failing to qualify for safety-valve relief. It applied the Guidelines correctly. And its factual findings were backed by the record.

The Court, moreover, did exactly what the law requires. It stated—multiple times—that it had "considered all the 3553(a) factors." It went further, emphasizing that "deterrence, both general and specific, is a big factor in this."

Nor did the Court ignore mitigation. Sheppard presented character witnesses and letters, which the Court acknowledged. It simply found that the seriousness of his offense—including the amount and type of drugs and the number of co-conspirators—outweighed those considerations. That was its call to make. We do not reweigh the § 3553(a) factors on appeal. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

And Sheppard's sentence—96 months—is well below the statutory maximum of 40 years. That alone is strong evidence of reasonableness. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

### III.    Conclusion

For these reasons, we affirm the District Court's judgment.

**AFFIRMED.**