**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13522

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MATIAS SANCHES CARDOSA, JR.,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00094-SDM-AAS-2

_____

Before JILL PRYOR, BRANCH, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Matias Sanches Cardosa, Jr. appeals his sentence of 168 months' imprisonment for possession with intent to distribute 500 grams or mor of cocaine, an upward variance from the

guideline range of 63-78 months.  Cardosa argues that his sentence was substantively unreasonable because the district court gave improper weight to his prior criminal history to the exclusion of the other 18 U.S.C. § 3553(a) factors.  Cardosa further contends that his sentence is substantively unreasonable because it results in a disparity in sentencing between himself and similarly situated defendants.  Cardosa also argues that, should we vacate his sentence, we should reassign his case to a different judge on remand.  Having read the parties' briefs and reviewed the record, we affirm Cardosa's sentence.

## I.

This court reviews for abuse of discretion both the district court's balancing of the 18 U.S.C. §3553(a) factors and the substantive reasonableness of the sentence imposed.  *See United States v. Gomez*, 955 F.3d 1250, 1255 (11th Cir. 2020).  This court considers the totality of the circumstances of the case and will only vacate a sentence due to substantive unreasonableness if it is left with the firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside of the range of reasonable sentences.  *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024).  Such an error occurs when the district court "fails to afford consideration to relevant factors," or "gives significant weight to an improper or irrelevant factor," or "commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

## II.

Cardosa argues on appeal that the district court erred in imposing a substantively unreasonable sentence because it focused too heavily on his criminal history when it varied upward from the recommended sentencing range of 63-78 months' incarceration and imposed a sentence of 168 months' incarceration. He contends that the district court did not have to factor in all his convictions because the criminal history was already included in the guideline range calculation. Cardosa also argues that he was involved in a routine drug trafficking case as a courier with no unusual factors at play, and he received a 71-month higher sentence than the trafficker to whom he reported. Cardosa requests that this court reassign his case to a different judge on remand if we vacate his sentence.

The government responds that Cardosa's criminal history was extensive and only one of his five prior felonies counted toward the calculation of his criminal history score. The government notes that Cardosa failed to respond in his supplemental sentencing memorandum to his unfactored criminal history although the district court allowed him the opportunity and explicitly stated that that was the most serious factor warranting an upward variance. The government proffers that, in making its decision, the district court considered all Cardosa's mitigating arguments in addition to the statutory factors and the unaccounted prior felonies. The government notes that although Cardosa's sentence did constitute an upward variance, it was still below the statutory maximum sentence of 40 years, and Cardosa was on supervised release when he

committed the instant offense.  The government concludes that Cardosa did not cite any case in which a similarly situated defendant received a differing sentence, and that the district court did not abuse its discretion in varying from the guideline range.

### III.

A district court has the discretion to attach more weight to other factors than it does to the guideline range.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1259 (11th Cir. 2015).  Relevant here, "[d]istrict courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed."  *Id.* at 1261. A district court may impose an upward variance if it concludes that the guideline range did not adequately reflect the defendant's criminal history.  *United States v. Butler*, 39 F.4th 1349, 1355-57 (11th Cir 2022) (affirming an upward variance from 300-365 months to a life sentence because the total breadth of the defendant's criminal conduct was not adequately reflected in the guideline range).  The party challenging the sentence has the burden of showing that it is unreasonable, considering the record and the §3553(a) factors. *United States v. Al Jaberi*, 97 F.4th at 1322.

To vacate a sentence as substantively unreasonable due to disparities between the appellant's sentence and those of similarly situated defendants, the circumstances of the comparator cases must be very similar to the defendant's own case.  *United States v. Sotis*, 89 F.4th 862, 880-81 (11th Cir. 2023) (declining to vacate a sentence because the comparator cases the defendant proffered were like "compar[ing] apples to oranges").  Defendants carry the

burden of showing that their sentence is disparate compared to similarly situated defendants. *See United States v. Bergman*, 852 F.3d 1046, 1071 (11th Cir. 2017) (noting that defendant's burden to show disparity in sentencing).

The record here demonstrates that the district court's upward variance from the guideline range was not substantively unreasonable under the totality of the circumstances of Cardosa's case. The district court did not abuse its discretion in weighing his criminal history more heavily than the other § 3553(a) factors, considering that several of Cardosa's prior felony convictions were not reflected in the calculation of his guideline range. The district court referred to Cardosa's prior felonies, most of which were drug-related convictions, numerous times and explained that Cardosa's unaccounted-for criminal history was why it was considering an upward variance. The district court also discussed Cardosa's personal characteristics, the seriousness of the offense, deterrence, and protection of the public. The district court acknowledged that Cordosa's appearance before the court was his fourth appearance before a federal judge.

In sum, the district court did not abuse its discretion in imposing a 90-month upward variance. The district court thoroughly explained its application of the §3553(a) factors and why it found Cardosa's criminal history to be the primary factor for the imposed upward variance. Cardosa made no showing that his sentence was disparate compared to similarly situated offenders, nor has he met his burden by showing that the district court made a "clear error of

judgment" in balancing the required statutory factors. *Irey*, 612 F.3d at 1189. The district court listened to the mitigating factors espoused by Cardosa, but simply decided to weigh Cardosa's criminal history more heavily. *See United States v. Harris*, 964 F.3d 986, 988-89 (11th Cir. 2020) (affirming an upward variance from the guideline range after the district court considered the mitigating factors the defendant presented and his lengthy prior criminal history). The district court was well within its discretion to find a 168-month sentence to be appropriate under the totality of the circumstances of Cardosa's case.

Accordingly, based on the aforementioned reasons, we affirm Cardosa's 168-month sentence.[1]

**AFFIRMED.**

---

[1] Because we affirm Cardosa's sentence, Cardosa's request to reassign his case to another judge on remand is moot.