**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13492
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE SANTIAGO ACOSTA CHIQUITO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20179-KMM-3

_____

_____

No. 22-13502
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

2                    Opinion of the Court                    22-13492

*versus*

AGUSTIN VICENTE SUAREZ CHOMPOL,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20179-KMM-1

_____

_____

No. 22-13579
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JULIO CESAR QUINONES CALZADA,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20179-KMM-2

_____

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

In March 2021, a United States Marine Patrol Aircraft
spotted a "go-fast vessel" traveling in a known drug-trafficking area

of international waters.  The aircraft alerted the United States Coast Guard that the vessel had no apparent indicia of nationality, carried numerous fuel barrels and containers, and had three people on board—all of whom pulled up their hoods to conceal themselves when the aircraft flew by.  The Coast Guard intercepted the vessel, and a subsequent search revealed approximately 674 kilograms of cocaine.  Ecuadorian registration documents were also found on board, as well as a rectangular "maker's mark" with three horizontal stripes (yellow, blue, and red) painted on the hull.  Ecuador, however, could neither confirm nor deny the vessel's nationality.

The vessel's passengers—Jorge Santiago Acosta Chiquito, Julio Cesar Quinones Calzada, and Agustin Vicente Suarez Chompol—were arrested and brought to the United States.  All three pleaded guilty to cocaine-related charges under the Maritime Drug Law Enforcement Act, which makes it unlawful to engage in drug trafficking (or conspiring to do the same) on board "a vessel subject to the jurisdiction of the United States."  46 U.S.C. § 70503(a)(1), (e)(1); *id.* § 70506(b).  The defendants appeal those convictions, and Suarez Chompol challenges the substantive reasonableness of his sentence.  We affirm.

## I.

We review issues of subject matter jurisdiction de novo, "including whether the statutory requirements of MDLEA subject matter jurisdiction are met."  *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024) (quotation omitted).  We also review de novo

the constitutionality of a criminal statute.  *United States v. Canario-Vilomar*, 128 F.4th 1374, 1378 (11th Cir. 2025).  The reasonableness of a sentence is reviewed for abuse of discretion.  *United States v. Melgen*, 967 F.3d 1250, 1264 (11th Cir. 2020).

## II.

To start, Chiquito argues that the district court lacked subject matter jurisdiction.  We disagree.  Section § 70502(c)(1)(A) specifies that vessels "without nationality" are "subject to the jurisdiction of the United States."  Even though the vessel had registration documents on board, it qualifies as one "without nationality" because "the claimed nation of registry" did not "affirmatively and unequivocally assert that the vessel is of its nationality."  *Id.* § 70502(d)(1)(C).  The government produced the State Department's written certification that the Ecuadorian government, when asked, could neither confirm nor deny the vessel's nationality.  Under this Court's precedent, that certification constitutes conclusive proof that the vessel lacks nationality and thus falls within the jurisdiction of the United States.  *See United States v. Hernandez*, 864 F.3d 1292, 1299 (11th Cir. 2017).  Chiquito contends that our precedent is wrong, but our prior-panel precedent rule prevents us from entertaining that argument.  *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).[1]

---

[1] Suarez Chompol argues in his reply brief that § 70502(d)(1)(C) does not apply when a claim of nationality (as opposed to a claim of registry) had been asserted.  Because he raised that argument for the first time in his reply brief,

Next, the defendants contend that Congress exceeded its authority under the Felonies Clause of the Constitution by defining a "vessel without nationality" under § 70502(d)(1)(C) to include vessels that would not qualify as stateless under international law. As the defendants recognize, however, this Court has already addressed and rejected that argument in a published opinion. *Canario-Vilomar*, 128 F.4th at 1381. That means our prior-panel precedent rule carries the day here, too. *Archer*, 531 F.3d at 1352.

Finally, Suarez Chompol argues that his 210-month within-guidelines sentence is substantively unreasonable. We will vacate a sentence on substantive unreasonableness grounds only when the district court, after weighing the § 3553(a) factors, arrived at "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted). The district court here reasonably weighed Suarez Chompol's mitigating circumstances against his criminal history, including that he committed this offense while on supervised release for a prior MDLEA conviction. *See United States v. Harris*, 964 F.3d 986, 989 (11th Cir. 2020). Plus, the fact that his sentence falls at the very bottom of his Guidelines range and well below the statutory maximum "weighs in favor of its reasonableness." *United States v. Thomas*, 108 F.4th 1351, 1358 (11th Cir. 2024). In short, we are not "left with the definite and firm conviction that the district court

we do not consider it. *See United States v. Lopez*, 649 F.3d 1222, 1246 (11th Cir. 2011); *see also Polelle v. Fla. Sec'y of State*, 131 F.4th 1201, 1229 (11th Cir. 2025).

committed a clear error of judgment" in sentencing Suarez Chompol to 210 months' imprisonment. *Irey*, 612 F.3d at 1190 (quotation omitted).

★    ★    ★

The district court's judgment is **AFFIRMED**.