[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14119

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TERIUS THOMAS,
a.k.a. Terius Brown,
a.k.a. Terry Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cr-60049-RS-1

_____

Before WILSON, GRANT, and LAGOA Circuit Judges.

PER CURIAM:

Defendant-Appellant Terius Thomas appeals his upward-variance sentence of 120 months' imprisonment followed by three years of supervised release. On appeal, Thomas first argues that the district court's inaccurate calculation of his guidelines range affected his substantial rights because it impacted the baseline sentence from which the judge varied upward. Second, Thomas argues that his sentence is both procedurally and substantively unreasonable. Because we find that Thomas's substantial rights were not affected, we **AFFIRM** the decision of the district court.

## I.    Background

On August 26, 2021, at about 2:11 AM, an Uber driver, J.T., accepted a ride request in Fort Lauderdale, Florida. J.T. picked up Thomas and drove him to a drop-off address in a neighboring town. When J.T. stopped the vehicle for drop off, Thomas threatened J.T. with a firearm and said, "Give me your wallet." A struggle ensued. Thomas exited the vehicle without J.T.'s wallet.

J.T. quickly drove away from the drop off location and heard two gunshots. Officers who responded to the drop-off location found two shell casings and documented that J.T.'s car had a bullet hole in the hood of the trunk.

Thomas was indicted on two counts: (1) attempted Hobbs Act Robbery; and (2) using and carrying a firearm in relation to a crime of violence. Thomas pled guilty to Count One and the government dismissed Count Two. While Thomas and the

government did not enter into a plea agreement, they did agree to a factual proffer.

The Presentence Report (PSR) placed Thomas's total offense level at 24. When calculating Thomas's criminal history category (CHC), the PSR listed three prosecutions under "Adult Criminal Conviction(s)." For the first two, Thomas pled *nolo contendere* to various charges and adjudication was withheld. In both cases, the court sentenced him to 18 months of probation and 280 days' incarceration. The PSR assigned two points for each case pursuant to U.S.S.G. § 4A1.1(b). As for Thomas's third listed prosecution, he pled *nolo contendere* to a charge of loitering or prowling; adjudication was withheld before he received a sentence of 57 days' incarceration, which did not result in any additional criminal history points per U.S.S.G. § 4A1.2(c)(2). These four points placed Thomas in CHC III. When combined with his total adjusted offense level of 24, this resulted in a sentencing guidelines range of 63 to 78 months' imprisonment. The statutory maximum was twenty years' imprisonment.

Under "Other Criminal Conduct," the PSR noted Thomas's mostly juvenile criminal history, which did not contribute to his CHC calculation. These offenses included several counts of grand theft of an automobile; one count of trespass of an unoccupied residence; one count of petit theft regarding a stolen bicycle; one count of theft of a credit card; one count of not having a valid driver's license; one count of loitering and prowling; and one count of battery for punching someone. At the time of drafting the PSR,

Thomas also had separate pending burglary charges.  None of these earlier offenses involved a firearm.

Neither party objected to the PSR.  Before sentencing, the government moved for an upward variance from 63 to 78 months to 150 months' imprisonment based on an alleged underrepresentation of criminal history.  The defense requested a sentence within the guidelines range.

The government moved for an upward variance under 18 U.S.C. § 3553(a), related in part to Thomas's underrepresented criminal history, the severity of the instant offense, his escalating criminal conduct, and high risk of recidivism.  The government also noted that if Thomas had been prosecuted in state court for robbery with a firearm, he would have faced twenty years to life in prison.

The district court sentenced Thomas to 120 months' imprisonment, stating that "[t]he only time [Thomas is] not doing anything wrong is when he's in prison or jail."  Later, in addressing Thomas directly, the judge said: "you're fortunate that you missed because if you tried to rob the wrong person, you would have been six feet under. . . .   You're 22 years old.  You've been doing this since you were 16 years of age and with no excuse."  The court continued: "[y]ou're fortunate that Uber driver did not arm himself and in defending himself shot you."  In the final moments of the sentencing hearing, the court stated: "[Y]ou're fortunate they didn't file charges in state court, it would be a minimum of 20 years or perhaps even life imprisonment for these same charges."

The court also sentenced Thomas to three years of supervised release following his imprisonment.  At the end of the hearing, the defense objected to the sentence for falling beyond the guidelines range.  However, while Thomas's CHC III came up five times during his sentencing hearing, defense counsel did not object to the CHC III at sentencing.  Thomas timely appealed, where he objected to his CHC III for the first time.

## II.    Applicable Law

### A. *Miscalculated Guidelines Range*

To preserve an issue for appeal, a defendant "must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (quotations omitted).  When an argument is not properly preserved on appeal, we review for plain error.  *Id.* at 1008.  To reverse on plain error review, "there must be (1) an error (2) that is plain and (3) that has affected the defendant's substantial rights." *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013).  To meet prong three, a defendant must "show a reasonable probability that the error affected the outcome of the district court proceedings."  *United States v. Iriele*, 977 F.3d 1155, 1177 (11th Cir. 2020) (internal quotations omitted).  When all three prongs are met, "we may exercise discretion to correct the error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Madden*, 733 F.3d at 1322.

The Supreme Court has held that "[i]n most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome." *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016). With a silent record "as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights." *Id.* at 201. But sometimes, "[t]he record in a case may show . . . that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.* at 200. Applying *Molina-Martinez*, we have stated that "[a]t least in some circumstances, a sentence well below any possible sentencing range can be a powerful indicator that a miscalculated range did not affect a defendant's substantial rights." *United States v. Corbett*, 921 F.3d 1032, 1040 (11th Cir. 2019).

Criminal history points are governed by U.S.S.G. §§ 4A1.1–4A1.2. Different categories of points are added as follows:

(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

U.S.S.G. § 4A1.1.

Under the guidelines, "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." § 4A1.2(a)(1). Therefore, a sentence where adjudication was withheld does not fall within § 4A1.2(a)(1)'s definition of "prior sentence." *See United States v. Wright*, 862 F.3d 1265, 1280 (11th Cir. 2017). Instead, such *nolo contendere* situations involving withheld adjudication fall under § 4A1.1(c) and carry only a single point. *See id.*; *see also United States v. Baptiste*, 876 F.3d 1057, 1062 (11th Cir. 2017).

### B.  *Procedural and Substantive Reasonableness*

We review the reasonableness of a sentence for abuse of discretion. *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc). We must determine (1) whether a "significant procedural error" occurred, then (2) whether the sentencing determination was "substantively reasonable under the totality of the circumstances." *United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020) (internal quotations omitted). Procedural unreasonableness can stem from (1) improperly calculating the guidelines range, (2) adhering to the guidelines as mandatory, (3) failing to consider the 18 U.S.C. § 3553(a) factors, (4) failing to adequately explain the

sentence, or (5) basing a selected sentence on clearly erroneous facts. *Gall v. United States*, 552 U.S. 38, 51 (2007).

When reviewing the reasonableness of sentences for abuse of discretion, we will only vacate a sentence when we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotations omitted). A sentence well below the statutory maximum indicates reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). "We have upheld large upward deviations based solely on an offender's extensive criminal history." *United States v. Osorio-Moreno*, 814 F.3d 1282, 1288 (11th Cir. 2016). District courts can exercise "broad leeway in deciding how much weight to give to prior crimes the defendant has committed." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1261 (11th Cir. 2015).

## III.    Analysis

### A.  Miscalculated Guidelines Range

Although the district court plainly erred when calculating Thomas's guidelines range, we cannot say that the error affected Thomas's substantial rights.

Because Thomas did not object to the miscalculation of his criminal history category below, we review for plain error. *Straub*, 508 F.3d at 1008. Here, both parties agree that Thomas's PSR miscalculated his criminal history as CHC III rather than CHC II. Thomas pled *nolo contendere* and adjudication was withheld for

both of his convictions, which means neither falls within §4A1.2(a)(1)'s definition of "prior sentence." *See Wright*, 862 F.3d at 1280. Instead, such *nolo contendere* situations involving withheld adjudication fall under § 4A1.1(c) and carry only a single point. *See id*. Rather than four criminal history points, Thomas should have received only two. With only two points, Thomas would fall within CHC II. Combining CHC II with his offense level of 24 would give Thomas a guidelines range of 57 to 71 months in prison rather than 63 to 78 months in prison. This miscalculation constitutes plain error.

Despite the Supreme Court's general rule that a miscalculated guidelines range often shows that a defendant's substantial rights were impacted, Thomas falls within an exception. Determining whether the use of an improper guidelines range affected a defendant's substantial rights requires us to consult the record and consider the circumstances holistically.

We recognize Thomas's concern with an upward variance from an improperly high baseline guidelines range. However, the nearly-double-the-guidelines sentence that the district court ultimately imposed was "well [above] any possible sentencing range," which we have suggested "can be a powerful indicator" that a guidelines error did not impact a defendant's substantial rights. *Corbett*, 921 F.3d at 1040. Further, when considering the broader circumstances, the record was not silent as to the reasons for the sentence. Rather, the sentencing judge felt—as demonstrated by his extensive comments—that Thomas's CHC III

underrepresented his criminal history by not including Thomas's juvenile conduct. Given how strong the judge's views were about Thomas's criminal history, he almost certainly would have found a CHC II even more under-representative. Beyond commenting on the severity of shooting twice at J.T.'s vehicle, the judge reiterated that Thomas would have faced a minimum of twenty years in prison had he faced charges in Florida state court for the same conduct. The record below indicates "that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Molina-Martinez*, 578 U.S. at 200. Therefore, we are unable to intervene regarding the miscalculation of Thomas's criminal history category.

### B.  Procedural and Substantive Reasonableness

When reviewing the reasonableness of Thomas's sentence for abuse of discretion, we cannot say that the district court arrived at a sentence beyond the range of reasonable sentences. Improperly calculating a guidelines range can constitute a significant procedural error, but our review must "take into account the totality of the circumstances." *Gall*, 552 U.S. at 51. When viewed against the facts, using CHC III to calculate the guidelines range did not create a significant procedural error in Thomas's case.

In addition, the district court did not abuse its discretion regarding the substantive reasonableness of Thomas's sentence. District courts have broad discretion with sentencing decisions. *See Rosales-Bruno*, 789 F.3d at 1261. Thomas's 120-month sentence falls well below the 240-month statutory maximum, which weighs in

favor of its reasonableness. *See Gonzalez*, 550 F.3d at 1324. Further, we find that the district court did not abuse its discretion in giving greater weight to the seriousness of Thomas's previous crimes than to the mitigating circumstances of his past. *See Osorio-Moreno*, 814 F.3d at 1288. Because Thomas shot twice at J.T.'s vehicle as he fled the scene, it is difficult to say that Thomas's sentence falls beyond the range of reasonableness given the facts of the case. *See Irey*, 612 F.3d at 1190.

## IV.    Conclusion

Though it contained a plain error, we cannot find that the district court's calculation of the guidelines range affected Thomas's substantial rights. Further, we do not find the district court abused its discretion in imposing a sentence of 120 months' imprisonment, which was neither procedurally nor substantively unreasonable. Therefore, we affirm the decision of the district court.

**AFFIRMED.**