[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10956

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

QUANTEZ BARNARD COOPER,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 3:22-cr-00245-LCB-HNJ-5

_____

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Quantez Cooper appeals his sentence for conspiracy to distribute and possess with intent to distribute methamphetamine and heroin.  He argues, and the government agrees, that the district court improperly calculated the sentencing guidelines in his case. After review, we agree with the parties. We vacate Cooper's sentence and remand for resentencing.

## I.    Background

Cooper was arrested and charged with various drug crimes after he coordinated the sale of heroin and methamphetamine to a criminal informant.  A subsequent investigation revealed significant amounts of heroin and methamphetamines in his possession.  He ultimately pleaded guilty to a single count: conspiracy with intent to distribute and possess with intent to distribute 50 or more grams of methamphetamine and 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) and 846.  The government agreed to drop all other charges.

The Presentence Investigation Report ("PSI") determined that Cooper was a career offender under §4B1.2(b) of the Sentencing Guidelines, resulting in a total offense level of 34 and a

criminal history category of VI.[1]  The base offense level and criminal history category resulted in an advisory guidelines range of 262 to 327 months' imprisonment under the Sentencing Guidelines.

At the sentencing hearing, Cooper stated that he had no objections to the PSI.  The court subsequently adopted the PSI and made "specific findings that [Cooper] me[t] the criteria under § 4B1.1," including finding Cooper had an offense level of 34, criminal history category of VI, and guideline imprisonment range

---

[1] Two related sections of the sentencing guidelines are at issue in this case: U.S.S.G. § 4B1.1(a) and U.S.S.G. § 4B1.2(b). U.S.S.G. § 4B1.1(a) states in relevant part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.2(b) then defines a "controlled substance offense":

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense

of 262 to 327 months. Cooper then requested a downward variance, arguing that he had completely reformed his life, was fully employed, and served as the primary caregiver for his elderly parents. The government responded by agreeing in part, asking the court to vary by not applying the career-offender enhancement and instead to sentence Cooper to 168 months. Because this variance would be nearly 100 months lower than the advisory range with the enhancement, the government argued that the variance would appropriately place Cooper at the lower end of the sentencing guidelines absent the career-offender enhancement.

After explaining its consideration of the 18 U.S.C. § 3553(a) sentencing factors, the court sentenced Cooper to 168 months of imprisonment, imposed 5 years of supervised release, and dismissed the remaining counts against him. The district court subsequently filed its written statement of reasons, which explained that it adopted the PSI without change and that Cooper's guideline range was 262 to 327 months' imprisonment. The statement of reasons also set out that the court, upon an uncontested motion from the defense, issued a sentence below the guideline range based on the nature of the offense, Cooper's family ties and responsibilities, Cooper's non-violent history, and the need to provide adequate deterrence and protect the public.

Cooper appealed and his counsel filed an *Anders*[2] brief along with a motion to withdraw. We denied counsel's motion to withdraw, and ordered counsel to brief the issue of

> whether the district court plainly erred in applying the career-offender enhancement when calculating Cooper's guideline range because, under *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (*en banc*), his present federal conviction for conspiracy to distribute and possess with intent to distribute controlled substances is not a "controlled substance offense" under U.S.S.G. § 4B1.2(b).

Though Cooper did not raise an objection to the calculation of the sentencing guidelines below, both Cooper and the government now argue that the alleged miscalculation was plain error under *Dupree* and that the district court's sentencing order should be vacated.

## II.    Standard of Review

We typically review the application of the Sentencing Guidelines *de novo*. *Dupree*, 57 F.4th at 1272. However, where, as here, the appellant failed to object at the sentencing hearing, we review for plain error only. *United States v. Rodriguez*, 398 F.3d 1291,

---

[2] *Anders v. California*, 386 U.S. 738, 744 (1967) (holding that if appellate counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw" and accompany that request with a "brief referring to anything in the record that might arguably support the appeal").

1298 (11th Cir. 2005). "Plain error occurs when (1) there was an error, (2) the error was plain or obvious, (3) the error affected the defendant's substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Anderson*, 1 F.4th 1244, 1268–69 (11th Cir. 2021).

### III.    Discussion

Both parties assert, and we agree, that the district court's calculation of the sentencing guidelines was erroneous. In *Dupree*, which was decided prior to Cooper's sentencing, we held that "inchoate" offenses, such as the conspiracy to which Cooper pleaded guilty, were not "controlled substance offenses" for the purposes of U.S.S.G. § 4B1.1. Yet the district court accepted the PSI's assessment that the instant offense qualified as a controlled substance offense for purposes of the career offender enhancement. The district court thus plainly erred in determining that Cooper qualified as a career offender.

The only remaining question is whether the error affected Cooper's substantial rights, which generally requires a showing that there is a reasonable probability that the error "affected the outcome of the district court proceedings." *Rodriguez*, 398 F.3d at 1299. Once again, we agree with both parties that this requirement is met. While a sentence that is ultimately within the range of the correctly calculated guidelines may indicate a harmless error, "[w]here [] the record is silent as to what the district court might have done had it considered the correct Guidelines range, the

court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights." *Molina-Martinez v. United States*, 578 U.S. 189, 201 (2016); *see also United States v. Corbett*, 921 F.3d 1032, 1041 (11th Cir. 2019) ("We conclude there is a reasonable probability that the district court's error affected Corbett's sentence because, even though the district court varied downward from its calculated sentencing range, its sentencing decision remained tethered to what it believed to be the correct range under the Guidelines.").

Here, the government argued that their recommended sentence of 168 months should be accepted in part because it was "nearly a hundred months off of what [Cooper] ordinarily would be looking at . . . ." The court ultimately adopted the government's suggestion and sentenced Cooper to 168 months' imprisonment. Beyond the government's recommendation, which was anchored in the sentencing guidelines, the record does not reflect any "independent basis" for the sentence absent the incorrectly calculated guidelines. *See Corbett*, 921 F.3d at 1041; *cf. United States v. Thomas*, 108 F.4th 1351, 1357 (11th Cir. 2024) (holding an error in calculating the sentencing guidelines was harmless where "the record was not silent as to the reasons for the sentence" and "the judge felt—as demonstrated by his extensive comments—that Thomas's [criminal history category] underrepresented his criminal history by not including Thomas's juvenile conduct."). Cooper's substantial rights were thus presumably affected by the error, and we exercise our discretion to correct this error because "the error seriously affected the fairness, integrity, or public

reputation of the judicial proceedings." *Anderson*, 1 F.4th at 1268–69.  Accordingly, we vacate his sentence, and we remand to the district court for resentencing.

### IV.    Conclusion

For the above reasons, Cooper's sentence is vacated, and we remand the case to the district court for resentencing.

**VACATED AND REMANDED.**