[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12645

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TARRENCE LEE WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:23-cr-00301-ECM-KFP-1

_____

Before BRANCH, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Tarrence Wright appeals his 120-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Wright argues that his 120-month sentence, which is within the advisory guidelines range of 100 to 125 months' imprisonment, is substantively unreasonable.  After review, we affirm.

## I.  FACTUAL BACKGROUND

The following were undisputed facts in Wright's presentencing investigation report.  At the time of his § 922(g) offense, Wright had a prior Alabama felony conviction for attempted assault and was prohibited from possessing firearms.  Nonetheless, on July 23, 2023, after a night out drinking with Shawna Hope, Wright shot a firearm into the air while outside the home of Hope's sister in Dothan, Alabama.

The next day, Hope's sister discovered that Hope was missing from her residence and called 911.  Dothan Police Department officers went to Wright's residence, where they found signs of a struggle, including hair extensions lying in the yard and what appeared to be blood on the door.  A neighbor reported hearing yelling, banging, and a gunshot coming from Wright's home.  The officers spoke with Hope on the phone, but Hope was evasive, was  whispering, and refused to come out of Wright's residence.

Believing Hope was possibly being held against her will, the officers obtained a search warrant, entered Wright's home, and found Wright and Hope inside. Hope had a "busted lip, black left eye, and several cuts on the left side of her head." The officers found a 9mm handgun and a spent shell casing hidden under a couch cushion in the room Wright exited when the officers entered the house.

Wright was arrested on state charges of "Kidnapping 1st Degree, Domestic Violence 2nd Degree (Assault), and Certain Persons Forbidden to Possess a Firearm." At the time of Wright's federal sentencing on the instant firearms offense, the state charges were still pending.

## II. DISCUSSION

### A. Substantive Reasonableness Principles

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing for reasonableness, we first consider whether the district court committed any significant procedural error and then whether the sentence is substantively unreasonable under the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *United States v. Trailer*, 827 F.3d 933, 935-36 (11th Cir. 2016).[1]

---

[1] The § 3553(a) sentencing factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (3) the need for deterrence, (4) the

In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the district court and will "affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (quotation marks omitted). The party challenging the sentence bears the burden of proving it is unreasonable. *United States v. Boone*, 97 F.4th 1331, 1338-39 (11th Cir. 2024).

While the district court must consider all relevant § 3553(a) factors, it need not discuss each factor expressly. *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). The weight given to any specific factor is committed to the sound discretion of the district court, and the court may attach great weight to one factor over the others. *Butler*, 39 F.4th at 1355. Further, "[p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015). The district court's failure to discuss mitigating evidence does not indicate that the court "erroneously 'ignored' or failed to consider this

---

need to protect the public, (5) the need to provide the defendant with needed education or vocational training or medical care, (6) the kinds of sentences available, (7) the sentencing guidelines range, (8) pertinent policy statements of the sentencing commission, (9) the need to avoid unwarranted sentencing disparities, and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

## B.    Wright's Claim

Wright has not shown that his 120-month sentence is substantively unreasonable.[2] First, Wright's sentence is within the correctly calculated advisory guidelines range of 100 to 125 months' imprisonment and well below the 15-year statutory maximum penalty for Wright's § 922(g) firearm offense, both indications of reasonableness. *See* 18 U.S.C. § 924(a)(8); *United States v. Foster*, 878 F.3d 1297, 1309 (11th Cir. 2018) (explaining that we ordinarily expect a sentence within the guidelines range to be reasonable); *United States v. Thomas*, 108 F.4th 1351, 1357 (11th Cir. 2024) ("A sentence well below the statutory maximum indicates reasonableness.").

Second, Wright's sentence is supported by the § 3553(a) factors. At sentencing, the district court aptly described Wright's current § 922(g) firearm offense as "egregious." Wright not only possessed a firearm, but he also discharged the firearm at least once (at the home of Hope's sister) and perhaps twice (at his own home when he struggled with Hope). The district court reviewed the photographs of Hope's injuries and the incident/offense reports prepared by the police officers who responded to the 911 call and executed the search warrant at Wright's home. As the district

---

[2] Wright does not raise any procedural error as to his sentence or dispute that his advisory guidelines range was correctly calculated. Wright pled guilty and also does not raise any issue as to his conviction.

court observed, Wright's assault and detention of Hope in his home for hours while armed with a weapon was shocking, violent, and undoubtedly "involved terror for [Hope]."[3]

In addition, Wright, at 33 years old, already had a "lengthy criminal history," some of which involved either guns or violence, including convictions for: (1) robbery in which Wright used a gun; (2) attempted assault in the first degree and carrying a pistol without a license in which Wright attempted to cause serious physical injury to a police officer with the pistol; (3) disorderly conduct/affray in which Wright struck another inmate while in jail; (4) disorderly conduct/harassment in which Wright threatened a police officer; (5) assault/harassment of a public safety officer in which Wright threatened an officer who was investigating him for discharging a firearm in city limits, as well as numerous convictions for criminal trespass and public intoxication. The district court observed that Wright had not learned from his past mistakes and that his crimes were "escalating" in degree and "becoming [more] violent." The district court concluded Wright

---

[3] Wright contends any injury Hope suffered was "already account[ed] for" in the four-level guidelines enhancement imposed under U.S.S.G. § 2K2.1(b)(6)(B) for possession of the firearm in connection with the kidnapping and assault of Hope. But this fact militates *in favor* of an advisory guidelines sentence, which is what Wright received, and does not suggest his sentence was unreasonable. In any event, the district court, in choosing the ultimate sentence, may still rely on factors it already considered in imposing an enhancement. *Amedeo*, 487 F.3d at 833.

24-12645                Opinion of the Court                7

was "a danger to the community" and stressed the need "to protect the public from violence."

Although Wright contends otherwise, the district court did not rely *exclusively* on the seriousness of his § 922(g) offense to the exclusion of the other § 3553(a) factors. The record shows the district court referred to the § 3553(a) factors and stressed in particular the seriousness of Wright's current offense, his significant criminal history involving violence, and the need to protect the public. The district court was well within its discretion to place substantial weight on these three interrelated factors. *See Rosales-Bruno*, 789 F.3d at 1263. Indeed, even if the district court had given great weight to the seriousness of Wright's offense, it was still within its discretion to do so. *See Butler*, 39 F.4th at 1355.

Moreover, the fact that the district court did not discuss each of Wright's mitigating arguments does not mean the district court failed to consider them in determining the sentence. *See Amedeo*, 487 F.3d at 833. It is readily apparent from the record that the district court considered Wright's mitigating factors as part of Wright's request for a downward variance. The district court stated it had read the materials submitted by Wright's attorney, which included a doctor's psychological evaluation that (1) described Wright's traumatic upbringing in which he was exposed to violence, abuse, and neglect and (2) diagnosed Wright with, among other things, post-traumatic stress disorder, depression, attention deficit hyperactivity disorder and alcohol use disorder.

The district court also heard defense counsel's extensive argument in mitigation, including that Wright's criminal history category of V overstated the seriousness of his past criminal conduct because two of his scored convictions were misdemeanors, and two others were over ten years old and committed when he was young.   In explaining the chosen sentence, the district court acknowledged some of Wright's mitigating facts, such as his difficult childhood and his older convictions, but ultimately concluded that his mitigating facts did not warrant a sentence below the advisory guidelines range.

To the extent Wright contends the district court gave too much weight to his aggravating factors, the weight to be accorded each factor lies within the district court's discretion.  *See Butler*, 39 F.4th at 1355.  Wright essentially asks us to reweigh the relevant § 3553(a) factors, which we do not do.  *See United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009).   Given the particular circumstances of this case, we cannot say the district court's chosen sentence of 120 months, within the advisory guidelines range, was an abuse of discretion.

**AFFIRMED**.