[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13229

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL THOMAS CHRISTNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cr-60045-RS-1

_____

Before JILL PRYOR, BRASHER, and KIDD, Circuit Judges.

PER CURIAM:

Michael Christner appeals his sentence of 360 months' imprisonment followed by a lifetime term of supervised release. The district court imposed this sentence after Christner pleaded guilty to attempted enticement of a minor to participate in criminal sexual activity and commission of a sex offense against a minor by a registered sex offender. Christner contends that the district court made two errors in sentencing his conduct. First, he argues that the district court imposed a procedurally unreasonable sentence by failing to articulate its reasons for a lifetime term of supervised release, under 18 U.S.C. § 3553(c). Second, he argues that his lifetime term of supervised release is substantively unreasonable. After careful review, we **AFFIRM** the district court.

## I.

About a decade ago, Christner had sex with a 15-year-old male. Sarasota and Manatee Counties, in Florida, charged him for this conduct, and he served nine years in state prison, followed by two years of probation.

Less than a year after he finished probation, Christner solicited sex from an undercover federal agent posing as a 15-year-old male that he met on "Daddyhunt." Believing the agent to be a 15-year-old male, Christner told him that "I'm cool with the age

thing," then requested explicit images to confirm that the individual was not an undercover police officer.

The conversation continued, and Christner wrote that he was "really into newbies," and "was just sucking some 15 year olds [sic] dick last Friday in Hollywood." Law enforcement identified that 15-year-old victim who confirmed that he and Christner performed oral sex on one another.

Christner organized a meeting with the undercover agent acting as a 15-year-old male. He explained the best ways to "prep" the minor's genitalia and detailed his prior sexual encounters with minor-aged males: "I have fucked boys like yourself who thought they were ready for my cock."

Christner arranged to meet the undercover agent and arrived at the meeting spot. He got out of his car, then immediately returned and attempted to drive away. But the police apprehended him.

A grand jury charged Christner with attempted enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) (count one), attempted production of child pornography in violation of 18 U.S.C. § 2251(a) and (e) (count two), and commission of a sex offense against a minor by a registered sex offender in violation of 18 U.S.C. § 2260A (count three). Christner pleaded guilty to attempted enticement of a minor to engage in criminal sexual activity and commission of a sex offense against a minor by a registered sex offender.

The presentence investigation report detailed Christner's two prior sex offenses in violation of state law. Because of this criminal history, the presentence investigation report assigned Christner a criminal history category of V, under U.S.S.G. § 4B1.5(a)(2). The guidelines recommended an imprisonment range for count one of 235 to 293 months and 120 months to run consecutively for count three. The presentencing report also noted that 18 U.S.C. § 3583(k) and U.S.S.G. § 5D1.2(b)(2) required a supervised release term of five years to life.

Before sentencing, Christner and the government agreed to a term of 360 months' imprisonment, but the parties did not agree to a joint recommendation as to a supervised release term. The plea agreement noted that 18 U.S.C. § 3583(k) establishes a supervised release term between five years and life.

At sentencing, Christner objected to the report's biographical facts about his physical condition, and his educational and employment background. He also pointed out that the two prior sex offenses arose from the same incident with the same victim. Additionally, he submitted letters from his family members and a mentor asking for leniency, and he accepted responsibility for his conduct.

Following the parties' arguments, the district court considered "the statements of all the parties, the presentence investigation report which contains the advisory guidelines, and the statutory factors as set forth in 18 United States Code Section 3553(a)." The district court read a "snapshot" of explicit text messages

requesting nude images and soliciting sexual conduct—noting that "[t]here are countless text messages with th[is] type of communication with a minor"—that Christner sent to the undercover federal agent whom he believed to be a 15-year-old male. It also observed that Christner sent these messages to a supposed minor that "we're supposed to be here protecting." The district court also emphasized Christner's history, explaining that he "went to prison for 9.3 years for something similar" but that "didn't work."

The district court sentenced Christner to 360 months' imprisonment followed by a lifetime term of supervised release. It explained that this term was "lower" than typically given for his conduct and criminal history. Christner objected to neither the substantive nor procedural reasonableness of the sentence before the district court.

Christner timely appealed the sentence.

## II.

To start, both parties rely on *United States v. Hamilton*, 66 F.4th 1267 (11th Cir. 2023), to assert that *de novo* review applies to unobjected-to section 3553(c) errors. But we recently clarified that we review unobjected-to section 3553(c) errors for plain error. *United States v. Steiger*, 99 F.4th 1316, 1322 (11th Cir. 2024) (en banc). In so holding, we explicitly overruled any prior case that had held to the contrary. *Id.*

We review a challenge to the reasonableness of a sentence under the abuse of discretion standard. *See United States v.*

*Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). But if the defendant fails to object to the procedural reasonableness at the time of sentencing, we review his challenge for plain error. *See id.*

A claim of plain error requires a party to demonstrate that the district court erred, the error was plain, the error affected his substantial rights, and the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See id.*

### III.

We begin with Christner's argument that the district court procedurally erred by failing to explain its reasoning for a lifetime term of supervised release.

Section 3553(c) requires that a district court "shall state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). That section further requires that the district court explain its reasons for imposing a sentence at a particular point in a guideline range, if the sentence exceeds 24 months. 18 U.S.C. § 3553(c)(1). But nothing in section 3553(c) requires a district court to separately explain its reasons for an imprisonment term and the supervised release term. *See Hamilton*, 66 F.4th at 1275–76.

We rejected an argument—nearly identical to Christner's—in *Hamilton*. There, the defendant argued that the district court failed to provide a reason as to why it imposed a lifetime term of supervised release. *Id.* at 1274. But we explained that the sentencing court did "all" that it was "required to do" when it "gave many

reasons for imposing its overall sentence—reasons that applied as much to the term of imprisonment as to the term of supervised release." *Id.* at 1276. In other words, the district court "need not address each component separately"—that is, the imprisonment term and the supervised release term—"so long as it gives a sufficient explanation." *Id.*

Here, the district court gave a "sufficient explanation" that applied to the term of imprisonment *and* the term of supervised release. *See id.* The district court considered the section 3553(a) factors. In doing so, the district court judge read aloud Christner's text messages that he sent to the undercover agent posing as a 15-year-old minor. In those messages, Christner reassured the supposed minor that "I'm cool with the age thing but because it's a big risk for me, I do need some proof that you are who you say you are," so he requested a "face in a second picture along with any part of your body that's nude like either your ass or your dick in the same photo." The district court explained that "[t]here are countless text messages with these type of communications with a minor." The district court also highlighted that Christner previously served a term of imprisonment for engaging in sexual conduct with a minor in violation of state law. Less than a year after probation ended for that crime, Christner sent these text messages to an undercover agent whom he believed to be a 15-year-old male. So as the district court saw it, the previous term of imprisonment "didn't work."

Considering Christner's criminal history, and the gravity of child-sex crimes, the district court accepted the joint

recommendation of 30 years' imprisonment—noting that the guideline range permitted imprisonment for life given Christner's criminal history—followed by a lifetime term of supervised release. As we see it, the district court "accommodate[d] . . . dueling concerns," *see Hamilton*, 66 F.4th at 1277—meaning, the district court sentenced Christner to an imprisonment term that it considered a "gift," given the nature of the crime and his criminal history, followed by a lifetime term of supervised release to limit recidivism upon his release from prison. The district court's explanation assures us that it "considered the parties' arguments" and had a "reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). That reasoning applied to both the term of imprisonment and supervised release.

Given the district court's explanation for its concerns of Christner's criminal history and the serious nature of his crimes, we cannot say that the district court plainly erred in imposing the lifetime term of supervised release.

## IV.

We turn to Christner's argument that the district court imposed a substantively unreasonable sentence because the section 3553(a) factors and the totality of the circumstances do not support a lifetime term of supervised release. That argument fails for at least two reasons.

First, we "ordinarily expect a sentence within the guidelines range to be reasonable." *United States v. Dorsey*, 554 F.3d 958, 962 (11th Cir. 2009). Here, Christner's lifetime term of supervised

release falls within the statutory guidelines range for his offense conduct, which requires a supervised release term between five years and life. *See* 18 U.S.C. § 3583(k). And Christner acknowledges that fact. But he says that, under section 3583(k), his crimes are less "severe" than the other specific offenses also in that section, so his conduct did not warrant a lifetime term of supervised release. Consistent with section 3553(a), however, the district court considered the particular facts of the case to impose Christner's sentence term. *See United States v. Thomas*, 108 F.4th 1351, 1357 (11th Cir. 2024).

Second, the district court's explanation is "clear enough to allow meaningful appellate review of the sentence." *Steiger*, 99 F.4th at 1325. The district court explicitly stated that it "considered all the statements of all the parties, the presentence investigation report which contains the advisory guidelines, and the statutory factors as set forth in 18 United States Code Section 3553(a)." Although Christner submitted letters to the district court and the testimony of one individual requesting leniency at sentencing, a district court has discretion "to attach 'great weight' to one factor over others." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 57 (2007)). Reviewing the sentencing record, the district court explained why those factors justified Christner's sentence.

The district court considered Christner's "history" of soliciting sex from minors. *See* 18 U.S.C. § 3553(a). It pointed out that Christner "received 9.3 years for basically similar charges here"—soliciting sex from a minor-aged male—but that punishment

"didn't work." Christner resumed that conduct less than a year after his prior term of probation ended. The district court judge read a "snapshot" of Christner's text messages from the most-recent incident aloud: Christner asked the undercover officer for a "nude" picture of "your ass or dick" and explained that he could "show" the individual whom he assumed to be a minor the "ropes" of oral sex. In response to the agent telling Christner that he was "15," Christner responded, "[b]een there, done that." The district court explained that it did not want to "belabor[] the issue" of the explicit nature of the messages but acknowledged that the messages to a supposed minor kept "getting worse and worse."

The district court also considered the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). "Child sex crimes are among the most egregious and despicable of societal and criminal offenses, and courts have upheld lengthy sentences in these cases as substantively reasonable." *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009). The district court's reasoning reflects *Sarras'*s sentiment: the "children are, you know, [who] we're supposed to be here protecting." Christner's conduct of soliciting sex from minors, as the district court expressed, is "off limits when it comes to protecting our children."

Having considered the record and Christner's arguments, we cannot say that the district court imposed a substantively unreasonable sentence of a lifetime term of supervised release.

## V.

We **AFFIRM** the district court's sentence of 360 months' imprisonment followed by a lifetime term of supervised release.