**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

------------------------

No. 25-10471

Non-Argument Calendar

------------------------

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RICKEY LEE MILLER, JR.,

*Defendant- Appellant.*

------------------------

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:24-cr-00103-TPB-PRL-1

------------------------

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Rickey Lee Miller, Jr. appeals his 180-month sentence, imposed following his guilty plea to attempted coercion and enticement of a minor to engage in sexual activity. On appeal, he argues

that: (1) the district court procedurally erred by failing to expressly acknowledge the Sentencing Guideline range that would have applied, absent the statutory minimum; and (2) his sentence is substantively unreasonable because the court imposed an upward variance exceeding the government's recommendation and failed to afford weight to the Guidelines.  After careful review, we affirm.

## I.

We review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Ordinarily, we review a district court's application of the Guidelines de novo and its factual findings for clear error.  *United States v. Isaac*, 987 F.3d 980, 990 (11th Cir. 2021).  However, if a party does not raise a procedural error in the district court, we review only for plain error.  *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010).  To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id*.  For the error to have affected substantial rights, it must have affected the outcome of the case.  *Id*.

## II.

First, we are unpersuaded by Miller's claim that the district court plainly erred by imposing a procedurally unreasonable sen-

tence. Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" *Gall*, 552 U.S. at 51.[1] The district court is not required to state on the record that it explicitly considered each of the § 3553(a) factors or discuss each of them. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). Instead, the court's acknowledgment that it considered the § 3553(a) factors and the parties' arguments is sufficient. *Id.* Along with the § 3553(a) factors, the court should consider the particularized facts of the case and the applicable guideline range. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1259–60 (11th Cir. 2015). However, the court maintains discretion to give heavier weight to any § 3553(a) factor or a combination of factors than to the guideline range. *Id.* at 1259.

The Supreme Court has required federal courts to use the Guidelines as a starting point at sentencing and to "remain cognizant of them throughout the sentencing process." *Molina-Martinez*

---

[1] The relevant § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from the defendant's further crimes; the kinds of sentences available and the sentencing range; and the need to avoid unwarranted sentencing disparities among defendants with similar records convicted of similar conduct. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(4), (a)(6); *see Gall*, 552 U.S. at 50 n.6.

*v. United States*, 578 U.S. 189, 198 (2016) (citation modified). It also has noted that the Guidelines' "recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (citation modified). "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b).

Here, we review Miller's procedural reasonableness argument for plain error because he did not object on this ground at his sentencing hearing, and we can find none. As the record reflects, the district court imposed an above-guideline 180-month sentence -- 60 months above the statutory minimum (and thus, the guideline range) of 120 months -- after Miller pleaded guilty to one count of attempted coercion and enticement of a minor to engage in sexual activity. At the hearing, the government argued for an above-guideline 168-month sentence based on the aggravated nature of the case, since Miller had instructed the undercover agent he met on social media -- whom he believed to be a minor -- to lie at their alleged meetup to his companion, a woman who was his step-daughter and the mother of his two children. This woman, who was no longer a minor, later told law enforcement that she and Miller were looking for a third person for their relationship because she had just given birth and was still healing. The government observed that if Miller's plan had worked as intended, he would have induced his stepdaughter to unknowingly abuse a minor.

In imposing sentence, the district court specified that it considered the § 3553(a) factors, acknowledged that the Guidelines were advisory, and found, based on Miller's age and other factors, that a 180-month sentence was sufficient but not greater than necessary. The court added that Miller was "a child molester, bottom line," that Miller knew what he was doing was illegal, and that the public needed to be protected from his illegal behavior for a substantial amount of time. In so doing, the court had discretion to weigh Miller's danger to the public and the egregious nature of the crime more heavily than other § 3553(a) factors and it gave a reasoned basis for its chosen sentence. In addition, even though the 180-month sentence was above the government's recommendation, the court's explanation reflected that it considered the parties' arguments, including the government's description of the crime as more egregious than a typical enticement case.

To the extent Miller argues that the district court erred in not calculating the initial guideline range of 87 to 108 months' imprisonment -- which was supplanted by the statutory minimum sentence of 120 months' imprisonment -- he has not shown plain error because he has not pointed to any case law requiring that a court pronounce a supplanted guideline range. Regardless, both defense counsel and the presentence investigation report ("PSI") gave the range, and the district court said it was considering the PSI and counsel's arguments at sentencing. Further, to the extent Miller faults the court for not explicitly recognizing that 120 months' imprisonment was the guideline range, he has not shown any error

that affected his substantial rights.  Indeed, in the Statement of Reasons the court filed with the Judgment laying out Miller's sentence, the court provided the correct guideline range, showing that it was aware of the guideline range.  On this record, there is no reasonable probability that, had the court explicitly stated the guideline range at sentencing, it would have impacted the court's sentence.  Accordingly, Miller has not shown that the district court plainly erred by imposing a procedurally unreasonable sentence, and we affirm on this ground.

## II.

We are also unconvinced by Miller's claim that his sentence is substantively unreasonable.  Under the abuse-of-discretion standard, we will only vacate the defendant's sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (en banc) (citation modified). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id*. at 1189 (citation modified).  The party challenging the sentence bears the burden to show that it is unreasonable based on the § 3553(a) factors and the facts of the case. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We do not apply a presumption of unreasonableness to sentences outside the guideline range. *Gall*, 552 U.S. at 51. We "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* "Although there is no proportionality principle in sentencing, a major variance does require a more significant justification than a minor one -- the requirement is that the justification be sufficiently compelling to support the degree of the variance." *United States v. McQueen*, 727 F.3d 1144, 1159 (11th Cir. 2013) (citation modified). A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. *United States v. Thomas*, 108 F.4th 1351, 1357 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 1102 (2025). However, we've held that sentences are substantively unreasonable when the district court does not adequately consider the guideline range. *See United States v. Pugh*, 515 F.3d 1179, 1200 (11th Cir. 2008) (holding that the court erred in not giving any "real weight" to the guideline imprisonment range when sentencing the defendant to probation).

A district court has discretion to consider uncharged conduct because it "can be directly germane to several § 3553(a) factors, which the court is required to consider when determining a sentence." *United States v. Owens*, 96 F.4th 1316, 1321 (11th Cir. 2024) (citation omitted). The uncharged conduct must be proven by a preponderance of the evidence presented by the government. *United States v. Wilson*, 788 F.3d 1298, 1317 (11th Cir. 2015). The preponderance of the evidence standard requires only that the trier of fact "believe[s] that the existence of a fact is more probable than

its nonexistence." *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (citation modified).

At sentencing, a district court may base its factual findings on reliable hearsay. *United States v. Rodriguez*, 732 F.3d 1299, 1305 (11th Cir. 2013). And the Guidelines allow for the use of hearsay in sentencing "provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3. The defendant has the burden of showing that hearsay information relied upon by a sentencing court was "materially false or unreliable." *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010).

Miller has failed to show that his sentence is substantively unreasonable. His 180-month sentence was well below the statutory maximum of life, and the court noted it had given him credit for pleading guilty and was sentencing him to less than he would have received had he gone to trial. Further, as we've noted, the court explained that it chose its sentence because Miller was a child molester, was in his mid-forties and the public needed to be protected from his future crimes for a substantial amount of time, and Miller knew what he was doing was illegal. There is no evidence the court considered any improper factor, nor did it fail to consider any proper factor. Rather, the court acted squarely within its discretion to give great weight to the egregious nature of Miller's offense and the need to protect the public from his criminal activity.

As for the court's comment that Miller was a child molester, the court did not explicitly state that it relied on his alleged molestation of his minor *stepdaughter* -- who recanted this allegation and

25-10471                Opinion of the Court                9

was now over eighteen and the mother of his two children -- as a factor in choosing his sentence.  Nevertheless, the court could reasonably have found that Miller committed this uncharged conduct by a preponderance of the evidence and considered it in determining Miller's sentence.  Not only did the undisputed PSI describe Miller's prior arrest for child molestation of his stepdaughter, Miller's stepdaughter's grandmother, Deborah Lowe, testified about it at Miller's sentencing hearing.  Lowe said she had firsthand knowledge of her granddaughter's report because she personally talked to the girl about the abuse at the time it happened, when the girl was eight or nine years old, and Lowe described the sexual act Miller had her granddaughter do, as the girl had shown her.  Based on Lowe's testimony, the undisputed PSI, and Miller's failure to present any evidence that Lowe's testimony was untrue, the court reasonably could have found by a preponderance of the evidence that Miller was, indeed, a child molester and relied on this finding in sentencing him.  Thus, Miller has not shown that his sentence was substantively unreasonable, and we affirm on this ground as well.

**AFFIRMED**.