**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-14233

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TYREE ARVELL MONROE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:14-cr-00007-TFM-N-1

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Tyree Arvell Monroe appeals the procedural and substantive reasonableness of the sentence imposed upon revocation of his supervised release. The district court sentenced Monroe to an

above-guidelines sentence of 24 months in prison. Monroe argues that the district court plainly erred by not providing a sufficient oral justification for imposing an upward variance. He further argues that the district court abused its discretion by imposing a substantively unreasonable sentence. Upon review, we affirm the sentence.

## I.

We begin with Monroe's first argument—that the district court erred by failing to provide sufficient oral justification for the upward variance. Monroe argues, in effect, that this failure made his sentence procedurally unreasonable.

Generally, we review *de novo* the legality of a sentence imposed upon revocation of supervised release. *United States v. Cunningham*, 800 F.3d 1290, 1291 (11th Cir. 2015). But we review for plain error a sentencing challenge when such a challenge—as is the case here—is raised for the first time on appeal. *United States v. Steiger*, 99 F.4th 1316, 1322 (11th Cir. 2024) (en banc).

To be plain error, the defendant must establish that (1) there was an error; (2) the error was plain; (3) the error affects the defendant's substantial rights; *and* (4) the error seriously affects the fairness, integrity, or public reputation or judicial proceedings. *United States v. Moore*, 22 F.4th 1258, 1264–65 (11th Cir. 2022). To be plain, an error must have "been specifically and directly resolved by the explicit language of a statute or rule or on point precedent from the Supreme Court or this Court." *United States v. Green*, 158 F.4th 1347, 1372 (11th Cir. 2025) (citation modified).

A sentence such as Monroe's is procedurally unreasonable if the court "fail[ed] to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). The relevant statute, 18 U.S.C. § 3553(c), requires district courts to explain, both orally and in writing, their reasoning for imposing a sentence above the relevant guideline range to "allow for meaningful appellate review." *Steiger*, 99 F.4th at 1321–22 (citation modified). The sufficiency of a district court's explanation depends on the circumstances of the case, but a district court failing to state a specific basis for an upward variance or file a written statement of reasons is a plain error. *Id.* at 1324–25. Still, the lack of a specific basis does not impact a defendant's substantial rights "if the record is clear enough to allow meaningful appellate review of the sentence." *Id.* at 1325.

Here, the district court did not fail to provide sufficient justification for imposing an upward variance. Instead, the district court explained that Monroe's repeated history of release condition violations, including multiple failed drug tests, warranted an upward variance. The court described Monroe's compliance with his supervised release conditions as "less than poor," and observed that he appeared to believe "that supervision should be done according to [his] terms." Doc. 207 at 20.

Further, any inadequacy in the explanation did not impact Monroe's substantial rights because the record contains enough information "to allow meaningful appellate review of the sentence." *Steiger*, 99 F.4th at 1325. We have previously held that, when "the

basis of the sentence is clear on the face of the record, then the defendant is not left out of the loop, appellate courts can effectively review the legality of the sentence, district judges can use the sentence as a comparator, and the public won't be left to guess why the defendant received the sentence he did." *Id.* In such a situation, the defendant cannot establish plain error. *Id.* Because the record here is replete with evidence of Monroe's unwillingness to comply with the terms of his supervised release—eventually resulting in the issuance of a warrant for his arrest due to failure to appear—the "basis of the sentence is clear on the face of the record." *Id.*

For the above reasons, we determine that the district court did not commit plain error by failing to explain the sentence.

## II.

We now turn to Monroe's second argument—that the district court abused its discretion by imposing a substantively unreasonable sentence.

The district court has "broad discretion" over sentencing decisions. *United States v. Thomas*, 108 F.4th 1351, 1358 (11th Cir. 2024). We review the substantive reasonableness of the sentence for an "abuse of discretion" in light of "the totality of the circumstances." *United States v. King*, 57 F.4th 1334, 1337. And the party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the section 3553(a) factors. *Id.* at 1337–38. "A district court imposes a substantively unreasonable sentence, and thus abuses its discretion, when it (1) fails to afford consideration to relevant § 3553(a) factors that were due

significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1338 (citation modified). We give due deference to the district court's consideration and weighing of the relevant sentencing factors. *Id.* Whether the applicable factors justify a variance is a discretionary call, and a sentence outside the guideline range is not presumed to be unreasonable. *Id.* at 1338–39. We will reverse a sentence imposed by a district court only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." *Moore*, 22 F.4th at 1269 (citation modified).

18 U.S.C. § 3583(e) governs the revocation of supervised release. It permits the district court to revoke a term of supervised release after considering certain enumerated factors, including the need for deterrence and public safety. *Id.* § 3553(a)(2)(B)–(C). And in imposing a particular sentence, the court must also consider the offense's nature and circumstances, the defendant's history and characteristics, the applicable guideline range, Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any of the defendant's victims. *Id.* § 3553(a)(1), (4)–(7).

Here, the district court did not abuse its discretion when it sentenced Monroe to 24 months in prison. The court had previously revoked Monroe's release term and imposed short prison sentences on three separate occasions. But none of these sentences

deterred Monroe from again violating the terms of his supervised release. As a result, based on the facts of the case, we cannot say that the court behaved unreasonably in imposing a stiffer penalty.

In addition, Monroe did not meet his burden in establishing that the court failed to adequately weigh the section 3553(a) factors. *See King*, 57 F.4th at 1337–38. At most, Monroe argues that the court failed to give sufficient weight to mitigating factors like Monroe's mental illness and his drug addiction. But a district court does not necessarily have to give dispositive weight to mitigating factors, provided that the court balance the factors appropriately. *Id.* at 1338. Here, the district court "acted within its discretion in giving greater weight to the nature and frequency of [Monroe's] violations of his supervisory relief" than to any mitigating factors. *Id.* at 1339.

For the above reasons, we determine that the sentence was not substantively unreasonable.

### III.

Monroe's sentence is **AFFIRMED.**